**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**DONALD J. KIRCKOF, d/b/a**
**Rochester Lapidary Jewelers,**

**Civil No. 01-476 (JRT/SRN)**

**Plaintiffs,**

**v.**

**O R D E R**

**WAYNE BROWN, individually,**
**and METROWEST CONSULTING**
**GROUP,**

**Defendants.**

---

Ricardo Figueroa, Esq., on behalf of Plaintiff Donald Kirckof.

John C. Gunderson, Esq., on behalf of Defendant Wayne Brown.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on June 11, 2001, on a motion by Plaintiff Donald J. Kirckof, d/b/a Rochester Lapidary Jewelers, for an order granting him leave to file a Second Amended Complaint or Supplement to the Complaint in the form attached to his moving papers. Mr. Kirckof brings this motion pursuant to Federal Rules of Civil Procedure 15(a) and 15(d). As

FILED AUG - 1 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

grounds for his motion, Plaintiff Kirckof asserts that the second amendment or supplement to the Complaint is proper for the purpose of adding a claim of slander per se against Defendant Wayne Brown based upon facts occurring after the filing and service of the original Complaint. The facts upon which Plaintiff bases his motion are set forth in his Memorandum of Law in Support of Plaintiff's Motion for Second Amendment to Plaintiff's Complaint at pp. 1-2 and are summarized below.

**A. Background**

On or about May 10, 2001, Defendant Wayne Brown allegedly contacted Chris Christopherson, President of Rochester Sterling State Bank (Bank), and made defamatory remarks about Plaintiff Kirckof's ability to meet a scheduled June 12 payment to the Bank on Rochester Lapidary Jewelers' line of credit. During the same conversation, Defendant Brown allegedly also told Mr. Christopherson that Plaintiff Kirckof was a drug addict. Later, Brown allegedly wrote a letter to the Bank stating that Kirckof's financial statements were deliberately false.

Plaintiff Kirckof contends that Defendant Brown's statements were untrue, and were made with the intent to harm Kirckof's business relationship with the Sterling State Bank. As such, Plaintiff argues that his motion to amend his Complaint to include the slander claim should be granted. The Plaintiff submits that: 1) his motion is timely under the terms of the Pretrial

Scheduling Order; 2) there has been no undue delay, especially in light of the fact that no Answer has yet been filed; 3) there is no prejudice to the Defendants as this case is in the early stages of litigation and there has been no discovery conducted as yet; and 4) the claim is not futile because the facts alleged clearly support a claim of slander per se, see Anderson v. Kammeir, 262 N.W.2d 366 (Minn. 1978)(words that are actionable under slander include charges of crime, imputations of loathsome disease and unchastity, imputations affecting a person's conduct of business, trade or profession and are actionable without proof of special damage.)

The Defendants oppose the Plaintiffs' motion seeking leave to file and serve a Second Amended Complaint in this matter, asserting that adding a slander claim to the current claims would drastically change and expand the scope and nature of this lawsuit, as well as the extent of discovery and number of potential witnesses. The Defendants submit that the dispute between the parties in this matter surrounds an Agreement for Management and Business Consulting Services dated February 8, 2000. According to the Defendants, the Plaintiffs terminated the agreement in February 2001, and brought suit to rescind the agreement.

The Defendants point out that after this matter was removed to federal court in March 2001, the Plaintiffs sought leave to amend the Complaint, and the Defendants stipulated to the Amended Complaint. See

Docket Entry Nos. 5 and 7. The Defendants contend that the new cause of action Plaintiffs seek to include in their Second Amended Complaint – slander per se -- is completely unrelated to the original claims and is thus not permitted under Fed. R. Civ. P. 15(d), citing Coca-Cola Bottling Company of Elizabethtown, Inc. v. The Coca-Cola Co., 688 F.Supp. 906 (D.De. 1987)(supplemental pleadings are allowed so long as the new cause of action is related to the original claims).

**B. Discussion**

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this rule the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . ., the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Neither delay nor dilatory motive are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694

(8th Cir. 1981). Even if some prejudice would result to the adverse party if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if it is denied. Id.

The Eighth Circuit has found that leave to amend may be properly denied when the proposed amendment would be futile. See Holloway v. Dobbs, 715 F.2d 390, 393-94 (8th Cir. 1983). The Eighth Circuit has also held, however, that amendments should be denied on the merits of the claim only if the amendment asserts clearly frivolous claims. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F. 2d at 694. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. Niagra of Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

In light of the liberal principles governing consideration of motions for leave to amend under Fed. R. Civ. P. 15(a), this Court grants the Plaintiffs' motion seeking leave to file and serve a Second Amended Complaint. The Plaintiffs ought to be given an opportunity to test their slander claim on the merits, and the Court finds the claim sufficiently related to the other claims contained in the First Amended Complaint. In addition, the Court finds no undue delay, no bad faith or dilatory motive, nor has there been a repeated failure to cure by amendment, as the allegations upon which the amendment rests have just recently occurred. Finally, the Court finds that the amendment

is not clearly futile, and judicial economy dictates that the amendment should be allowed. As such, the Plaintiffs are granted leave to file and serve the Second Amended Complaint in the form attached to their moving papers.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) The Motion by Plaintiffs Donald Kirckof, d/b/a Rochester Lapidary Jewelers, for Leave to File an Amended Complaint or Supplement to the Complaint (Doc. No. 10) is **GRANTED**. Plaintiff Kirckof shall, within five days of the date of this Order, file and serve his signed Second Amended Complaint and Jury Trial Demand Amended Complaint in the form attached to his moving papers; and

2) The Plaintiffs' Motion in the Alternative to Supplement the Complaint (Doc. No. 10) is **DENIED**.

Dated: July 31, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500